UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARNELL SEATON,

        Petitioner,

                                        Case No. 87-CV-73373

vs.

                                        HON. GEORGE CARAM STEEH

JOHN JABE,

        Respondent.
_____/

### ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM THE JULY 15, 1991 JUDGMENT (DOC. # 94)

*Pro se* petitioner Parnell Seaton has filed a motion, invoking Fed. R. Civ. P. 60(b), in connection with this court's determination on his petition for *habeas corpus* decided over 20 years ago. In the motion, Seaton asserts that the respondent failed to comply with Rule 5(c) of the rules governing habeas cases. Seaton states that the respondent failed to "[s]ubmit an index of the record which identified in numerical order the title of each volume of transcript that was filed;" and attach a transcript of a state court proceeding from September 11, 1979. Seaton quotes from what he indicates is a partial transcript of the September 11 proceeding in his motion in an attempt to show that the result of the habeas proceeding would have been different had the district court independently examined the September 11, 1979 transcript.

      Fed. R. Civ. P. 60(b) provides that a motion brought under that rule on the basis of the first three grounds (e.g. mistake, newly discovered evidence; fraud) must be filed within one year after the judgment or order. However, a motion brought under 60(b)(6), invoked by Seaton, for "any other reason that justifies relief," must be brought within a

reasonable time. The Sixth Circuit has stated that a Rule 60(b) motion "represents the sole authority, short of a successive application approved by this court, under which a district court may entertain a challenge to a prior denial of habeas relief." Johnson v. Bell, 605 F.3d 333, 336 (6th Cir. 2010). The court may entertain such a motion when it does not advance a claim for habeas relief, but attacks a defect in the integrity of the federal habeas proceedings. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005). Seaton asserts this is what his motion does and suggests that he did not have the information to make this motion prior to the date he made it, as he was pursuing information through various avenues in the state court system.

While there is considerable question whether Seaton's motion falls under the Gonzalez ruling, the court will deny the motion on the basis that its timing is unreasonable and because it lacks merit. Seaton asserts that the district court erroneously accepted and adopted factual findings made by the state court of appeals (which he states conflicted with the September 11, 1979 transcript) when it entered judgment for respondent "on the grounds that: (1) [t]he trial court did not err in denying Petitioner's request for a 30-days adjournment; and (2) [g]iven that Petitioner did not notify his counsel as to his alibi witnesses until 1 ½ days before trial, there was no showing of prejudice from the absence of these alibi witnesses." (Doc. # 94 at 9.)

The district court's *habeas* determination was affirmed by the Sixth Circuit. See Seaton v. Jabe, 983 F.2d 1068 at *5 (6th Cir. 1993). While Seaton asserts that the district court's "independent" examination of the September 11 transcript would have altered its determination, he does not give any explanation supporting this. Furthermore, Seaton does not allege that he has only recently acquired the September 11 transcript. As noted above, Seaton's brief includes what appears to be a record of

2

the September 11 proceedings in which the state court allowed Seaton to discharge his counsel and told Seaton he would be hearing from newly appointed counsel later that day. There is no connection made between this hearing and Seaton's claimed violations. Finally, Seaton alleges that in the early 1980s, *he* received documents from the state court revealing that attorney Bradfield served as his appointed counsel for a short period prior to the appointment of attorney Lusby, who was appointed only on the day of trial. (Doc. # 94 at 4.) Although his argument is hard to follow, it appears that Seaton contends this information would have supported his *habeas* claims concerning adjournment and alibi witnesses. It thus appears that Seaton himself was in possession of information he contends would have altered the decision of the district court throughout his *habeas* proceedings, which he had the opportunity to present at that time or at any point during the 30 years he has had this information.

      Additionally, concerning the alibi witnesses, the Sixth Circuit noted that five of Seaton's six identified alibi witnesses testified at trial, all stating that Seaton was at home on the night of certain incidents underlying Seaton's convictions. As stated by the Sixth Circuit,

> [p]etitioner has not given any indication as to the nature of what [his sixth alibi witness's] testimony would have been. Thus, it appears that her testimony most likely would have been the same as that of the other five alibi witnesses. There is no Sixth Amendment violation where witnesses who were no subpoenaed would only have provided testimony that was cumulative or immaterial to the defense.

Seaton v. Jabe, 983 F.2d 1068 at *6. It is clear that this determination was not dependent on the district court's alleged failure to independently review the transcript of the September 11, 1979 state court proceeding, which did not contain information pertinent to this determination.

Seaton also devotes a sizeable portion of his motion to the respondent's alleged duty to produce transcripts from September 18, 1979 (Seaton appears to be asserting that a record was made concerning the prosecutor's motion to consolidate Seaton's two separate criminal cases which were tried together) and September 24, 1979 (when it appears that the state court granted a two day continuance of trial at the request of the prosecutor) state court proceedings, which Seaton asserts was breached.  However, as already determined by the Sixth Circuit, the motion to consolidate was granted on the first day of trial (September 26, 1979 rather than September 18, 1979), which did not prejudice Seaton's defense.  See Seaton v. Jabe, 983 F.2d 1068 at *10.  After referencing the brief continuance apparently addressed at the September 24 proceeding, Seaton then nonsensically asserts that a record from that proceeding would have altered the district court's determination on his counsel's performance at *trial*.[1]

For the reasons that Seaton's motion is untimely and lacks merit, it is **DENIED**.

**IT IS SO ORDERED**.

Dated:  April 17, 2013

                                          s/George Caram Steeh
                                          GEORGE CARAM STEEH
                                          UNITED STATES DISTRICT JUDGE

---

[1] The court notes that these transcripts have been the subject of a state court mandamus action filed by Seaton against the Wayne County Clerk, in which the Court of Appeals of Michigan affirmed the trial court's dismissal of the action.  The trial court determined that there was nothing in the state court docket referring to any written orders from those dates.  Additionally, the Court of Appeals noted that the Court Reporting Services Supervisor also "informed plaintiff that 'the court reporter of record has indicated that no verbatim record was made for the two hearings dates (sic) September 18 and 24, 1979.  As a result, a transcript can't be produced.'" Seaton v. Wayne County Clerk, 2011 WL 2936776 (Mich. App. 2011).

4

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 17, 2013, by electronic and/or ordinary mail and also on Parnell Seaton #159030, Bellamy Creek Correctional Facility (IBC), 1727 West Bluewater Highway, Ionia, MI 48846.

s/Barbara Radke
Deputy Clerk