UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PARNELL SEATON,

        Petitioner,

                              CASE NO. 87-CV-73373
v.                            HONORABLE GEORGE CARAM STEEH

JOHN JABE,

        Respondent.
_____/

ORDER DENYING PETITIONER'S MOTION TO RESCIND
APRIL 17, 2013 ORDER DENYING RELIEF FROM JUDGMENT
(Doc. #114), DENYING CERTIFICATE OF APPEALABILITY
AND DENYING ANY APPEAL IN FORMA PAUPERIS

*Pro se* petitioner Parnell Seaton was convicted by a jury in two separate cases of (1) one count of armed robbery and (2) two counts of armed robbery, three counts of first-degree criminal sexual conduct, and one count of possession of a firearm during the commission of a felony. The facts surrounding his convictions and challenges to the convictions are stated in prior orders of this court and the court of appeals and are not repeated here.

The court denied Seaton's motion for relief from judgment under Rule 60(b) of the Federal Rules of Civil Procedure, filed twenty years after his habeas petition was denied in 1993. Seaton had argued that the respondent failed to "[s]ubmit an index of the record which identified in numerical order the title of each volume of the transcript that was filed;" and attach a transcript of a state court proceeding from September 11, 1979. The court denied petitioner's motion on the grounds that it was untimely and that it lacked merit.

(Doc. #103). The court also denied petitioner's motion for a certificate of appealability and motion to proceed *in forma pauperis* on appeal. (Doc. #110). The Sixth Circuit denied petitioner's motion for a certificate of appealability, finding that "reasonable jurists could not debate the untimeliness of Seaton's Rule 60(b)(6) motion[.]" (Doc. #112 at 4). The Sixth Circuit also denied Seaton's request for rehearing finding that "no point of law or fact was overlooked or misapprehended in denying Seaton's motion for a certificate of appealability." (Doc. #113 at 2).

Now before the court is Seaton's motion to recind the April 17, 2013 order denying his motion for relief from judgment and to reinstate his motion for relief from judgment to active case status on the docket. (Doc. #114). Seaton's motion effectively seeks reconsideration of the court's determination that his original motion for relief from judgment was untimely and lacked merit. The court again denies Seaton's current motion as untimely and for lack of merit.

The Local Rules of the Eastern District of Michigan provide that "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." E.D. Mich. LR 7.1(h)(1). Seaton's motion seeks reconsideration of the court's order issued over two years ago. His motion is untimely.

Moreover, Seaton's motion raises the same issues that have already been rejected by this court and the court of appeals as lacking merit. The court "will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. LR 7.1(h)(3). To obtain reconsideration of a court order, "the movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion

have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A palpable defect "is a defect which is obvious, clear, unmistakable, manifest, or plain." *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F.Supp.2d 714, 718 (E.D. Mich. 2001). Seaton has failed to establish a palpable defect with the court's April 17, 2013 order.

For these reasons, Seaton's motion is DENIED. An unsuccessful movant for relief from judgment under Rule 60(b) must obtain a certificate of appealability under 28 U.S.C. § 2253 before his appeal of the denial of the motion can be heard. *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007). Unless a district or circuit court issues a certificate of appealability, an appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The court finds that Seaton has failed to make a substantial showing of the denial of a constitutional right. Accordingly, a certificate of appealability is hereby DENIED. Based on the preceding order, this court certifies that any appeal from this decision would be frivolous, not in good faith and, therefore, pursuant to 28 U.S.C. § 1915(a)(3), may not be taken *in forma pauperis*.

IT IS SO ORDERED.

Dated: August 10, 2015

                s/George Caram Steeh
                GEORGE CARAM STEEH
                UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Parnell Seaton #159030, Alger Corr. Facility, N6141 Industrial Park Drive, Munising, MI 49862 on
August 10, 2015, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk